**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT DICKSON**

Case Number: _____

    *Plaintiff*,

    v.

**KEVIN B. WILSON LAW OFFICES**
**And KEVIN B. WILSON,**

    *Defendant*.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, ROBERT DICKSON ("**Mr. Dickson**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, KEVIN B. WILSON LAW OFFICES ("**KBW Law Offices**") and KEVIN B. WILSON ("**Wilson**") (jointly, "Defendants") and states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action brought by Mr. Dickson, an individual consumer, against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**") and the Florida Consumer Collection Practices Act ("**FCCPA**"), Section 559.55, Florida Statutes, *et. seq*.

**JURISDICTION**

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCCPA Section 559.55, Florida Statutes.

3.     The Defendants are subject to the provisions of the FDCPA and FCCPA and are subject to the jurisdiction of this Court pursuant to 28 U.S.C § 1331.

4.     Supplemental jurisdiction arises for state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Middle District of Florida because the acts complained of were committed and / or caused by the Defendants therein.  28 U.S.C. §§ 1391(b) and (d).

## PARTIES

6.      Mr. Dickson is a natural person who resides in Hillsborough County, Florida, and is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Section 559.55(8), Florida Statutes.

7.      KBW Law Offices is a law office with a primary business address of **2810 Walker Road, Suite 102, Chattanooga, TN 37421.**

8.      Wilson is an attorney admitted to practice in Tennessee and has a primary business address of **2810 Walker Road, Suite 102, Chattanooga, TN 37421.**

9.      The Defendants' regularly conduct business in Florida and collect on behalf of Florida businesses, but have not registered as an out-of-state business with the State of Florida and thus have no Florida registered agent.

10.     The Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, in that they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11.     In addition, KBW Law Offices is licensed as a debt collector with the Florida Office of Financial Regulation and holds license number **CCA0900900**.

## FACTUAL ALLEGATIONS

12.     Sometime around May 2013, Mr. Dickson incurred a medical debt to Florida Hospital, Carrollwood ("**Florida Hospital**") (the "**debt**").

13.     The debt arose from services which were for family, personal, or household purposes, specifically, medical services for Mr. Dickson, and meets the definition of "debt" under 15 U.S.C. § 1692a(5) and Section 559.77(1), Florida Statutes.

14.     Sometime after May 2013, Florida Hospital hired KBW Law Offices to collect the debt, or otherwise assigned or transferred the debt to the KBW Law Offices for collection.

15.     On or about October 6, 2014, KBW Law Offices mailed a letter to Mr. Dickson, which stated, in part, "This law firm is acting as a debt collector at this point on your debt. No decision or any action on your account has been made at this time other than to contact you by mail or phone. . ." **SEE PLAINTIFF'S EXHIBIT A.**

16.     The letter is on legal letterhead from "Kevin B. Wilson-Law Offices."

17.     At no point does the letter disclose that no attorney with KBW Law Offices has personally reviewed the alleged debt.

18.     The statement that "no decision has been made at this time" implicitly suggests that, while a review has been made of the matter, the consumer's actions are likely to affect the attorney's next actions – specifically, that prompt payment will avoid litigation.

19.     On information and belief, at no point in time did Wilson or any other attorney make any meaningful professional review of Mr. Dickson's alleged debt.

20.     An unsophisticated consumer, upon receiving the letter on law firm letterhead stating that the law firm "is acting as a debt collector **at this point** on your debt" (emphasis added) would reasonably believe that the law firm may cease acting as a debt collector and begin acting as a law firm, initiating a lawsuit, if the consumer does not promptly pay the debt.

21.     As a result of the letter, an unsophisticated consumer would believe failure to pay would result in legal action against him.

22.     Upon information and belief, no attorney with KBW Law Offices, including Wilson, is admitted to practice law in the state of Florida.

23.     A Florida Bar member search revealed that each attorney listed on KBW Law Offices' letterhead, Kevin B. Wilson, Scarlett Wilson, and L. Ashley Gaither, is not a member of the Florida Bar. **SEE PLAINTIFF'S EXHIBIT B.**

24.     Therefore, the submission of the letter implying that KBW Law Offices would take legal action if the debt was not paid is deceptive and false.

25.     As the legal manager of KBW Law Offices, Wilson had personal control over the actions taken by it with respect to collection matters.

26.     As an attorney, Wilson has the legal responsibility for each and every letter sent out under his name on behalf of his firm.

27.     Wilson either sent or allowed the above-referenced letter to be sent

28.     Mr. Dickson has hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## DEFENDANTS' VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, *et. seq.*

29.     Mr. Dickson adopts and incorporates paragraphs 1 - 28 as if fully stated therein.

30.     KBW Law Offices violated **15 U.S.C. § 1692e** in that KBW Law Offices used a false, deceptive, or misleading representation or means in connection with the collection of a debt by sending a letter on legal letterhead for collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review by an attorney was not disclosed within the letter.

31.     Wilson violated **15 U.S.C. § 1692e** in that Wilson used a false, deceptive, or misleading representation or means in connection with the collection of a debt by sending or allowing to be sent a collection letter on his law firm's legal letterhead for collection of the debt

that was not meaningfully reviewed by an attorney and the lack of meaningful review by an attorney was not disclosed within the letter.

32.     KBW Law Offices violated **15 U.S.C. § 1692e** in that KBW Law Offices used a false, deceptive, or misleading representation or means in connection with the collection of a debt by falsely implying that legal action by KBW Law Offices could be a potential consequence of non-payment as it was not licensed to practice law in Florida.

33.     Wilson violated **15 U.S.C. § 1692e** in that Wilson used a false, deceptive, or misleading representation or means in connection with the collection of a debt by either sending, or allowing to be sent, a letter that falsely implied that legal action by his law offices could be a potential consequence of non-payment when his firm could not take such action.

34.     KBW Law Offices violated **15 U.S.C. § 1692e(10)** in that KBW Law Offices used a false representations and / or used deceptive means to collect the debt by sending a collection letter on legal letterhead for collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed within the letter.

35.     Wilson violated **15 U.S.C. § 1692e(10)** in that Wilson used false representations and / or used deceptive means to collect the debt by sending, or allowing to be sent, a collection letter on his law firm's legal letterhead for collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed within letter.

36.     KBW Law Offices violated **15 U.S.C. § 1692e(10)** in that KBW Law Offices used false representations and / or used deceptive means to collect the debt by falsely implying that legal action by KBW Law Offices could be a potential consequence of non-payment.

37.     Wilson violated **15 U.S.C. § 1692e(10)** in that Wilson used false representations and / or used deceptive means to collect the debt by sending, or allowing a letter to be sent, that

falsely implied that legal action by his law offices could be a potential consequence of non-payment

38.     KBW Law Offices violated **15 U.S.C. § 1692f** in that KBW Law Offices used unfair means to collect a debt by sending a letter on legal letterhead for collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed in the collection letter.

39.     Wilson violated **15 U.S.C. § 1692f** in that Wilson used unfair means to collect a debt by sending, or allowing to be sent, a letter on his law firm's legal letterhead for collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed within the letter.

40.     KBW Law Offices violated **15 U.S.C. § 1692f** in that KBW Law Offices used unfair means to collect a debt by falsely implying that legal action by KBW Law Offices could be a potential consequence of non-payment.

41.     Wilson violated **15 U.S.C. § 1692f** in that Wilson used unfair means to collect a debt by sending, or allowing to be sent, a letter that falsely implied that legal action by his law firm could be a potential consequence of non-payment.

42.     KBW Law Offices violated **15 U.S.C. § 1692e(5)**  in that KBW Law Offices threatened to take legal action it did not intend to take by falsely implying that legal action by KBW Law Offices could be a potential consequence of non-payment.

43.     Wilson violated **15 U.S.C. § 1692e(5)**  in that Wilson threatened to take legal action it did not intend to take by sending, or allowing to be sent, a letter which falsely implied that legal action by his law office could be a potential consequence of non-payment.

44.     As a result of the foregoing violations of the FDCPA, Mr. Dickson is entitled to statutory damages and recovery of his attorneys' fees and expenses.

**WHEREFORE**, Mr. Dickson respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, for:

a.      Statutory damages of **$1,000** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.      Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

c.      Such other relief that this Court deems just and proper.

<u>**COUNT II**</u>
<u>**DEFENDANTS' VIOLATIONS OF THE FCCPA- Section 559.55, Florida Statutes, *et. seq*.**</u>

45.     Mr. Dickson adopts and paragraphs 1 - 28, as if fully stated herein.

46.     KBW Law Offices' conduct violated section **559.72(9)**, Florida Statutes, in that the KBW Law Offices asserted a legal right which does not exist, specifically, it's right to initiate litigation under the firm to collect the debt, by sending a letter on legal letterhead for the collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed within the letter.

47.     Similarly, Wilson's conduct violated section **559.72(9)**, Florida Statutes, in that Wilson asserted a legal right which does not exist, specifically, his firm's right to initiate litigation under its name to collect the debt, by sending, or allowing to be sent, a letter on his law firm's legal letterhead for the collection of the debt that was not meaningfully reviewed by an attorney and the lack of meaningful review was not disclosed within the letter.

48.     The Defendants' violations were willful and intentional.

**WHEREFORE**, Mr. Dickson respectfully requests this Honorable Court enter judgment against the Defendants, joint and severally, for:

a.      Statutory damages of $1,000 pursuant to section 559.77(2), Florida Statutes;

b.      Reasonable costs and attorney's fees pursuant to pursuant to section 559.77(2), Florida Statutes; and,

      c.       Such other relief that this Court deems just and proper.

Respectfully submitted this 19th day of May 2015, by:

/s/*Bobbi Madonna*_____
Bobbi Madonna
Florida Bar Number: 0056265
Seraph Legal, P. A.
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
(813) 567-1230
bmadonna@seraphlegal.com
Attorney for Plaintiff