## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ROBERT DICKSON, | |
| **Plaintiff** | CASE NO.:  8:15-cv-01233-MSS-MAP |
| v. | |
| | ANSWER |
| KEVIN B. WILSON LAW OFFICES, and KEVIN B. WILSON, | |
| **Defendant** | |

TO THE CLERK OF THE ABOVE ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants  KEVIN B. WILSON LAW OFFICES, ("KBW Law Offices") and KEVIN B. WILSON ("Wilson") (jointly, "Defendants") and  as for its Answer and response to ROBERT DICKSON's ("Plaintiff") Complaint ("Complaint"), in the above-entitled matter, denies each and every allegation contained in the Complaint, except as admitted or qualified hereinafter and states and alleges as follows:

1.     In response to Paragraph 1 of the Complaint Defendants state no response is required.

2.     In response to Paragraph 2, Defendants do not challenge the jurisdiction over this matter or Defendants.

3.      In response to Paragraph 3, Defendants admit they are governed by both State and Federal law in the collection of bad debts and jurisdiction is proper

4.      In response to Paragraph 4, Defendants admit the allegation.

5.      In response to Paragraph 5, Defendants admit the allegation.

6.      In response to Paragraph 6, Defendants do not have personal knowledge of the status of Plaintiff but at this time have no reason to question his allegation.

7.      In response to Paragraph 7, Defendants admit the allegation.

8.      In response to Paragraph 8, Defendants admit the allegation.  Defendant Wilson is the sole owner of Kevin B. Wilson Law Offices, a proprietorship.

9.      In response to Paragraph 9, Defendants admit that they collect debts in Florida and they are registered and licensed with the Florida Office of Financial Regulation as a debt collector in Florida, as stated in Paragraph 11 of the Complaint.  Defendants have been registered continuously with the State of Florida since 2003.  Defendants do not have a registered agent in the State of Florida.

10.    In response to Paragraph 10, Defendants admit the allegation.

11.    In response to Paragraph 11, Defendants admit the allegation.

12.    In response to Paragraph 12, Defendants have no personal knowledge of the allegation but admit it upon information and belief.

13.    In response to Paragraph 13, upon information and belief, based on Plaintiff's statement, Defendants admit the allegation.

14.   In response to Paragraph 14, Defendants admit that the account was referred to them for collection by Florida Hospital.

15.   In response to Paragraph 15, Defendants assert that the letter speaks for itself and that it should be read in its entirety for the intent to be fully understood.  The quoted portion in the Complaint is inaccurate in that the letter states that "This law firm . . . . No decision _on_ [not "or"] any action . . . . to contact you by mail _and/or_ [not "or"] phone."

16.   In response to Paragraph 16, Defendants admit the allegation.

17.   In response to Paragraph 17, Defendants admit that the letter does not contain the statement because KBW Law Offices has an attorney review basic details of debts that come into their office to collect before a letter is sent.

18.   In response to Paragraph 18, Defendants assert that Plaintiff's suggested interpretation is preposterous and is a gross misstatement of what it says and the intent.  The words speak for themselves but this letter is the initial letter written to a consumer and is meant to inform the consumer that just because the account has been sent to an attorney, there is no intent to pursue legal action against the debtor.  Defendant Kevin B. Wilson specifically wrote the letter to inform the debtors that just because the letter was from an attorney they should not automatically believe that a lawsuit was threatened.  As the letter goes on to say,

> As a debt collector, our goal in sending you this letter is to open communication with you and get you to contact our office to get this debt paid or otherwise cleared up.  We believe that it is important that you promptly make arrangements to take care of this debt and stop collection activity from continuing on your account.

19.     In response to Paragraph 19, Defendants deny the allegations and question the source of Plaintiff's allegation because at no time did Plaintiff ever contact Defendants' offices to discuss his debt.  The notes reflect that two letters were sent to Plaintiff and that Plaintiff did not call or write to Defendants to discuss his debt.  The notes further reflect that no phone calls were made to Plaintiff as Defendants did not have a phone number for Plaintiff.  The notes further reflect that at no time did Plaintiff's attorney contact Defendants prior to filing suit to ascertain the facts about Defendants' process.   In other words, Plaintiff's allegation in this paragraph is supposition.

20.     In response to Paragraph 20, Defendants deny the allegations and state that the suggested belief of the unsophisticated consumer is again preposterous and is actually the opposite of the intent of the statement, taken in conjunction with the rest of the letter.  At no point in the letter does it suggest that a lawsuit is contemplated against Plaintiff, now or in the future.

21.     In response to Paragraph 21, Defendants deny the allegation and submit that it is a preposterous interpretation of the letter taken as a whole.  Furthermore, Plaintiff's own actions suggest he did not believe his own allegation because he did not even bother to call Defendants' office or write a letter to them.

22.     In response to paragraph 22, the allegation is admitted but Defendants have never asserted to Plaintiff that they were admitted to practice law in Florida. Defendants have been licensed to collect debts in Florida for 12 years and the Florida Office of Financial Regulation has licensed Kevin B. Wilson Law Offices

to act as a debt collector in Florida knowing that it was a law firm. Nothing has been misrepresented by Defendants to the State of Florida or to Plaintiff.

23. In response to Paragraph 23, Defendants assert that it repeats the allegation of Paragraph 22.

24. In response to Paragraph 24, Defendants submit that it is argumentative but deny the allegations contained therein.

25. In response to Paragraph 25, Defendant Kevin B. Wilson as the owner of his own law office is fully responsible for all acts of his firm including the drafting or editing of all form letters sent by his office.

26. In response to Paragraph 26, Defendants assert the answer set forth above to Paragraph 25.

27. In response to Paragraph 27, Defendants assert the answer set forth above to Paragraph 25.

28. In response to Paragraph 28, Defendants have no personal knowledge of the arrangements between Plaintiff and his attorneys. However, upon information and belief, based upon thirty-two years acting as a debt collector, defending numerous consumer debt collection litigation claims, and advising numerous clients involved in consumer debt litigation, Defendants assert that Plaintiff is in fact not obligated to pay any attorney fees to his counsel but that their fees will be in addition to whatever damages they recover for him or what a court awards them.

29. In response to Paragraph 29, no response is required.

30. In response to Paragraph 30, the allegations are denied.

31.     In response to Paragraph 31, the allegations are denied.

32.     In response to Paragraph 32, the allegations are denied.

33.     In response to Paragraph 33, the allegations are denied.

34.     In response to Paragraph 34, the allegations are denied.

35.     In response to Paragraph 35, the allegations are denied.

36.     In response to Paragraph 36, the allegations are denied.

37.     In response to Paragraph 37, the allegations are denied.

38.     In response to Paragraph 38, the allegations are denied.

39.     In response to Paragraph 39, the allegations are denied.

40.     In response to Paragraph 40, the allegations are denied.

41.     In response to Paragraph 41, the allegations are denied.

42.     In response to Paragraph 42, the allegations are denied.

43.     In response to Paragraph 43, the allegations are denied.

44.     In response to Paragraph 44, the allegations are denied.

        In consideration of the responses set forth above, and the fact that the letter itself

        is attached to the Complaint, and clearly shows on its face that it is not deceptive

        or otherwise violates the FDCPA, Plaintiff's claim should be dismissed with all

        costs assessed to Plaintiff.

45.     In response to Paragraph 45, no response is required.

46.     In response to Paragraph 46, the allegations are denied.

47.     In response to Paragraph 47, the allegations are denied.

48.     In response to Paragraph 48, the allegations are denied.

In consideration of the responses set forth above, and the fact that the letter is attached to the Complaint, and clearly shows on its face that it is not deceptive or otherwise violates the FCCPA, Plaintiff's pendant state claim should be dismissed with all costs assessed to Plaintiff.

49.   Having answered the specific allegations of the Complaint, Defendants further allege that the Complaint fails to state a valid claim against these Defendants

50.   Defendants further allege that Plaintiff has in fact failed to state in his Complaint that he was in any way injured by the claimed bad acts of Defendants.

51.   Defendants further allege that Plaintiff has failed to mitigate his damages, if any, and that his failure to respond to communications from Defendants either by himself or through his attorneys prior to filing suit, show his intent not to attempt to mitigate the damages he claims.

52.   Defendant Kevin B. Wilson is a licensed attorney in Tennessee and has been since 1981 without interruption.  In addition, Kevin B. Wilson is admitted to practice in all three divisions of the United States District Court for Tennessee, and the United States 6th Circuit Court of Appeals.

53.   Defendant Kevin B. Wilson is meaningfully involved in the operation of his law office at all times and personally creates or edits all form letters sent by his office. He delegates portions of the collection work to another licensed attorney in his office and to his legal assistants all of whom collect debts under his personal supervision.

54.     Defendants assert that the interpretations of Defendants' letter set forth in the Complaint are preposterous and contradict the actual language of the letter. Defendants assert that the letter is intended to communicate the fact that Defendant KBWLO wants the debtor to understand that it is acting as a debt collector and is not threatening to sue the debtor.  As it states, "our goal in sending you this letter is to open communication with you and get you to contact our office".  It invites the debtor to show proof of payment or inform Defendants if debtor is in a bankruptcy.  Plaintiff's insinuations and interpretations are strained and fly in the face of the actual language.

The foregoing considered, Defendants pray that the lawsuit be dismissed with all costs taxed to Plaintiff.

Respectfully submitted,

KEVIN B. WILSON LAW OFFICES

By:
Kevin B. Wilson,  Pro Se Defendant
TN BPR # 009702
2810 Walker Road, Suite 102
Chattanooga, TN  37421-1082
Telephone: (423) 899-4424
Facsimile: (423) 892-4435
Email: kbwilson@kbwilsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and exact copy of the foregoing document by delivery via email at bmadonna@seraphlegal.com  or by placing the same in the United States mail, with sufficient first class postage prepaid, to carry the same to its destination, in a properly addressed envelope, to the following:

Bobbi Madonna, Esq.
Seraph Legal, P.A.
2002 East 5th Avenue, Suite 104
Tampa FL 33605
This _____ day of June, 2014.

Kevin B. Wilson